IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JAMES P. BOHANAN,

                 Petitioner,                    ORDER

v.

                                                   13-cv-808-wmc

SCOTT ECKSTEIN, Warden,
Green Bay Correctional Institution,

                 Respondent.

---

On November 17, 2021, the court dismissed the habeas petition filed by petitioner James Bohanan pursuant to 28 U.S.C. § 2254 and denied a certificate of appealability. (Dkt. #49.) Petitioner has now filed a notice of appeal from that order and requests leave to proceed *in forma pauperis*. (Dkt. ##51, 52.) Although petitioner has previously been found ineligible to proceed as an indigent litigant in this case (dkt. #5), he supports this most recent request to proceed *in forma pauperis* with a new affidavit of indigency and an updated trust account statement from the institution showing his average monthly deposits and his average monthly balance. (Dkt. ##52, 57.) From these submissions, however, the court again finds that petitioner does not qualify for indigent status with respect to the appellate filing fee.

Petitioner's appeal is not subject to the 1996 Prison Litigation Reform Act. *Walker v. O'Brien*, 216 F.3d 626, 628-29 (7th Cir. 2000) ("[T]he PLRA does not apply to any requests for collateral relief under 28 U.S.C. §§ 2241, 2254, or 2255."). Nevertheless, it is this court's practice to apply the formula set out in 28 U.S.C. § 1915(b)(1) to determine whether any prisoner litigant is eligible for pauper status. *See Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999) (approving district court's use of the PLRA's initial

partial payment formula in the context of a request to proceed *in forma pauperis* on appeal in a habeas proceeding). First, the court calculates from the trust account statement petitioner's average monthly deposits and his average monthly balance for the six-month period immediately preceding the filing of the appeal. If 20% of the greater of these two figures is $505 or more, petitioner is not eligible for indigent status and will have to prepay the entire $505 appellate docketing fee. If the 20% figure is less than this fee, petitioner must pay whatever portion of the fee the calculation yields.

Applying this formula here, petitioner's submission establishes that he is able to prepay the full docketing fee. Specifically, according to his trust account statement, petitioner's monthly balance in his general account in the past six months averaged $3,749.75, and his monthly deposits over the same period average $290.75. Further, twenty percent of the greater of these two figures is $749.95. Because this amount far exceeds the $505 filing fee for his appeal, petitioner is simply not eligible for indigent status, and his motion must be denied.

Of course, should he wish, petitioner may challenge this finding under Fed. R. App. P. 24(a)(5) by filing a separate motion to proceed *in forma pauperis* on appeal with the Clerk of Court for the United States Court of Appeals for the Seventh Circuit **within thirty (30) days of the date of this order**. With his motion, petitioner must also file an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), including a statement of issues he intends to argue on appeal and a copy of this order.

ORDER

IT IS ORDERED that:

1) Petitioner James Bonahan's request for leave to proceed *in forma pauperis* on appeal in this case is DENIED because he does not qualify for indigent status.

2) Petitioner may have until **January 27, 2022**, to submit a check or money order made payable to the Clerk of Court in the amount of $505 in payment of the docketing fee for his appeal. **Petitioner is advised that if he fails to pay the fee or explain his failure to do so by the deadline, and does not timely appeal this order, the court of appeals may dismiss his appeal.**

3) The Clerk of Court is requested to ensure that petitioner's obligation to pay the $505 filing fee for his appeal is reflected in this court's financial records.

Entered this 6th day of January, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge